SARDIS & DELTA R. R. Co. *v.* MRS. A. S. GORDON.

[57 South. 219.]

1. RAILROADS. *Private crossings. Maintenance. Damages. Code of 1906, section 4058. Statutory penalty.*

Where a suit is brought against a railroad for the statutory penalty of two hundred and fifty dollars for failure to maintain a plantation crossing as provided by Code 1906, section 4058, it is unnecessary for the plaintiff to show that he has sustained any actual damages, as the statute itself imposes the penalty regardless of any damage to the party suing, but actual damages also may be recovered in the same suit if any has been suffered.

2. SAME.

In such case plaintiff is not required to show that the road leading to the crossing is in as suitable condition as the crossing itself.

3. SAME.

As to whether the crossings are convenient and suitable is a question of fact for the jury under proper instructions from the court.

Appeal from the circuit court of Panola county.

Hon. W. A. Roane, Judge.

Suit by Mrs. S. A. Gordon against the Sardis & Delta Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Shands & Montgomery,* for appellant.

This section of the Code under which this action is brought, No. 4058 of the Code of 1906, is highly penal, and should be strictly construed. *Railroad* v. *Anderson,* 76 Miss. 582; *Railroad* v. *Murrill,* 78 Miss. 446. The language of the statute is that the railroad company shall "maintain convenient and suitable crossings over its track for necessary plantation roads." We think it manifest that by the word convenient is meant, located at such points as will enable the landowner to cross without going any unreasonable distance out of his way. We think this word applies to location, and not condition of crossing.

We think that the condition of the crossing which has to be maintained is described by the word "suitable," and that the character of crossing that would have to be maintained is to be determined by the facts in each particular case. The use of this word evidences the fact that the legislature did not contemplate the same kind of crossings for every road. Our court has announced this doctrine in the case of *Railroad Company* v. *Harrington,* 85 Miss. 366. This being true clearly we should have been permitted to prove that any wagon which could have been gotten up to the railroad track, could with equal facility and safety have crossed over it. We consider this the crux of the case, and the action of the court in excluding this testimony clearly is reversible error. What would be a suitable crossing at one point, might be entirely unsuitable at another point; what would be a suitable crossing for one road, would clearly

be unsuitable and not in keeping with another road. It is in evidence here that as a fact the plaintiff below did use the crossings, and was able to do their hauling across them; and the gist of their contention is that the crossings were not maintained as they should have been. And in our judgment, the word "suitable" as used in the statute under which this action is brought, is a relative word, and relates to the conditions and circumstances surrounding each particular case; and that its true meaning can only be arrived at by ascertaining the conditions and circumstances surrounding each particular case.

In other words, we know of no way that it could have been ascertained in this case whether or not the crossings complained of were suitable or not, other than by testimony which developed all the facts in regard to the condition of the road running into and away from the right of way, the lay of the land surrounding the crossings, natural obstacles, etc. In this case the court confined us by his rulings on the evidence as to the condition of the crossing alone, the condition of the road as it passed over the railroad right of way. Manifestly this was error, because if the evidence in every case was confined to this narrow limit, railroad crossings at all places would have to come up to the same standard, the one as good as the other, regardless of the conditions surrounding the crossing, and this is not what is meant by the statute. The statute requires only that the railroad company shall maintain its crossings where plantation roads cross the right of way of the company, in a way that is "suitable," to maintain a crossing which is in keeping with the plantation road and the uses to which it is put.

In addition to the exclusion of the above competent evidence from the jury, the trial court refused seven instructions requested by the defendant below, which in our judgment correctly charged the law. We will discuss briefly each of these refused instructions.

1. The court was requested to instruct the jury by refused instruction No. 1, that unless the plaintiff was

entitled to actual damages on account of the failure to
maintain the crossings, that she could not recover the
penalty provided by statute.

Now we call the court's attention to the fact that the
jury found in this case by their verdict that the plaintiff
was not entitled to actual damages, and returned a ver-
dict for the statutory penalty of two hundred and fifty
dollars alone.  This instruction should have been given
the jury, as in our judgment it announces a self-evident
proposition of law.  That is to say, that if the jury
should find from the evidence that the plaintiff was not
damaged in any way by a failure upon the part of the de-
fendant company to maintain a crossing of a certain
kind at a given place, it follows as a natural sequence
that it either was not a necessary plantation road, or that
there was a suitable crossing maintained, and that there-
fore the statute would not apply.  In other words, if it
was a necessary plantation road, certainly the plaintiff
would have been damaged by a failure to make and main-
tain a suitable crossing where the road crossed the rail-
road track; and on the other hand, if she was not actually
damaged, it follows by a parity of reasoning either that
the road was not a necessary plantation road, or that
the defendant company did maintain a suitable crossing,
for else she would have been damaged.

*Pearson, Eckles & Carothers,* for appellee.

It is contended by appellant that if appellee permitted
her plantation roadway to get out of repair, then, and
for that reason, appellant is absolved from its duty to
keep the crossings in good repair.  Boiled down, this is
appellant's case in this court.

We respectfully submit that this contention is wholly
unsound and without merit in this case.  The statute,
section 4058, Code 1906, says in part, "to make and main-
tain convenient and suitable crossings over its track for
necessary plantation roads."  The question as to whether
the crossing were necessary was definitely settled by the

parties when they agreed upon the number and location of them and when they were, pursuant to such agreement, installed.

Were they convenient? In so far as this term refers to location, we answer "Yes," but in so far as this term refers to the character of the crossings actually maintained, we say, under the proof in this case, emphatically "No."

Were they suitable? We say "No."

We contend, and respectfully urge the view upon the court as the only true one, that the question as to whether the crossings were suitable is to be determined by the uses for which they were intended, and not the character of or condition of the plantation road. Certainly it cannot be seriously contended that a crossing is a suitable one, as contemplated by the statute, where it is designed to furnish a means of exit from one part of the plantation to market, with wagons loaded with corn, cotton, hay or wood, when such crossings are in such condition as to forbid the passage of wagon so loaded. And that is clearly the proof in this case.

It is contended by appellant that if appellee was not entitled to actual damages by reason of the failure to maintain suitable crossings, that therefore she was not entitled to recover the statutory penalty.

We find no such condition in the statute. No such defense has ever been approved or countenanced by this court. We know of no rule of law or reason which sustains any such theory.

McLEAN, J., delivered the opinion of the court.

The appellee brought suit in the circuit of Panola county against appellant for failure of appellant to construct and maintain two plantation crossings over the line of the defendant company and through appellant's farm. The suit was for the statutory penalty of two hundred and fifty dollars, as provided by section 4058 of the Code of 1906, and in addition thereto for ac-

tual damages of two hundred dollars. The cause was submitted to a jury, and the jury returned a verdict for two hundred and fifty dollars, the statutory penalty. It is urgently insisted by appellant that the cause should be reversed, and two reasons are assigned: First, that in order to maintain the action it is necessary that the evidence should establish that the plaintiff sustained actual damages; and, second, that the plantation road leading to the crossing should be in as good condition as the crossing itself.

An examination of the statute will disclose that there is nothing in the statute (section 4058) from which it can be inferred that in order to support this action it is at all necessary that the party suing should show a damage, independent of the failure to maintain a suitable crossing. The statute itself imposes the penalty of two hundred and fifty dollars, regardless of any damage to the party suing. The statute itself fixes the amount to be recovered, and conclusively presumes that the party is damaged to this amount. The fact that actual damages may also be recovered in the suit for the penalty, as was held by this court in *Railroad Co.* v. *Spencer*, 72 Miss. 491, 17 South. 168, is no authority whatever for the position of appellant, that, in order to maintain the suit, the evidence must show that the plaintiff sustain any damages at all.

As to the second proposition, that the road leading to the crossing must be in as "suitable" condition as the crossing itself, it is equally without any merit. If the contention of the appellant were sound, it would result in requiring railroad companies to build and maintain their crossings out of the same material that the plantation roads were constructed. As to whether the crossings are convenient and suitable is a question of fact to be determined by the jury under proper instructions from the court.

We see no error in the record, and the case is affirmed.

*Affirmed.*